CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV - 8 2012
JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY RUTHERFORD, | ) | Civil Action No. 7:12-cv-00445 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NICOLE PRICE, et al., | ) | By:  Hon. Jackson L. Kiser |
|    Defendants. | ) |        Senior United States District Judge |

Jeffrey Rutherford, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Nicole Price, the Commonwealth Attorney of Washington County, Virginia; Lieutenant Patrick, an officer of the Southwest Virginia Regional Jail Authority in Abingdon, Virginia ("Jail"); Brenda Justus, the Jail's Local Inmate Data System Technician; and Berenstein, plaintiff's public defender. Plaintiff alleges that defendants violated his rights pursuant to the Interstate Agreement on Detainers ("IAD"). This matter is before me for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in his bare complaint. Price, Patrick, and Justus "irresponsibly" and "negligently" failed to adhere to unspecified terms of the IAD to ensure plaintiff's "right to [a] fast and speedy trial within 180 days[.]" "The provisions of Arrangements/Inquiry were not followed IN ORDER as STATED, Washington County being last when they were supposed to be [seco]nd, thus 'shooting my sentence' guidelines up on purpose." (Compl. 3.) "IAD not signed by . . . Price [sic], nor is the[re] any judges'

signature. . . . [T]here is no record of Smythe or Russell County ever receiving copies of this IAD, nor is there any record of the Smythe/Russell Co[unty] Commonwealth Attorneys['] or Judges['] signatures." (Id.) Plaintiff also complains that Berenstein did not adequately represent him "during this process."

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se

complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A public defender, like Berenstein, who represents a defendant during criminal proceedings does not act under color of state law for § 1983 litigation. See, e.g., Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981). Accordingly, plaintiff fails to state a claim against Berenstein upon which § 1983 relief may be granted.

The IAD is a congressionally-sanctioned interstate compact within the Compact Clause of the United States Constitution and is a federal law subject to federal construction. Cuyler v. Adams, 449 U.S. 433, 438-442 (1981). The purpose of the IAD is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." IAD art. I. The Commonwealth of Virginia is a member State to the IAD. VA. CODE §§ 53.1-210, et seq.

As the name implies, the IAD applies when a prisoner is serving a term of imprisonment in a party State and there is pending in another party State any untried indictment, information, or complaint for which a detainer has been lodged against the prisoner. Id. art. III. Although plaintiff mentions concurrent criminal proceedings in Russell County and Smythe County, both

of which are in Virginia and adjacent to Washington County, plaintiff does not identify any criminal proceeding occurring in another IAD member State that would cause the IAD to apply to plaintiff. Accordingly, plaintiff fails to state a claim against Price, Patrick, or Justus about their "negligent" failure to act pursuant to the IAD.

### III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This ____ day of November, 2012.

Senior United States District Judge